## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELDIE MONTES,**

        **Plaintiff,**

**v.**                                                    **Case No:**

**MIDLAND CREDIT MANAGEMENT,**
**INC. and SYNCHRONY BANK,**

                                                    **DEMAND FOR JURY TRIAL**

        **Defendants.**
_____/

### PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **ELDIE MONTES** ("Ms. Montes" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**s, MIDLAND CREDIT MANAGEMENT, INC.** ("Debt Collector") and **SYNCHRONY BANK** ("Debt Owner") (collectively "Defendants"),and in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Montes' Cellular Telephone after Ms. Montes demanded that

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **1** of **22**

Defendants stop calling her Cellular Telephone, contacting Ms. Montes' employer without her prior written permission, and by improperly furnishing negative information regarding her account to the credit reporting agencies, which can all reasonably be expected to harass Ms. Montes.

## *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4.      Plaintiff, Ms. Montes, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Further, Ms. Montes is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6.      Ms. Montes is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 585-***-4021 ("Ms. Montes' Cellular Telephone").

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **2** of 22

7.    At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of CA and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

8.    Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

9.    At all times material hereto, Debt Owner was and is a bank with its principle place of business in the State of UT, located at 170 West Election Road, Suite 125, Draper, Utah 84020.

10.    At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Montes' alleged debt.

11.    At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Montes' alleged debt for Debt Owner.

12.    As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.    Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Montes' information.

14.    Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Montes' information into Debt Owner's sales or customer systems.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **3** of **22**

15. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Ms. Montes.

17. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA, FCCPA, and TCPA violations when communicating with Ms. Montes in attempts to collect the alleged debt and Debt Owner failed to stop such violations by Debt Collector.

18. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect the alleged debt on behalf of Debt Owner.

### *Statements of Fact*

19. Under information and belief, Ms. Montes opened a personal credit card with Debt Owner ("Account").

20. Sometime thereafter, Ms. Montes encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

21. In or around 2016, Ms. Montes satisfied the Debt with Debt Owner pursuant to a mutually agreeable settlement.

22. Despite Ms. Montes' satisfaction of the Debt, sometime thereafter, Debt Owner assigned the alleged Debt to Debt Collector for collection purposes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **4** of 22

23.     In or around October of 2018, Debt Collector began placing calls to Ms. Montes' Cellular Telephone in attempts to collect the Debt.

24.     Ms. Montes spoke with Debt Collector in October of 2018 and demanded that Debt Collector stop calling her Cellular Telephone because she had satisfied the Debt with Debt Owner.

25.     Despite Ms. Montes' demand, Debt Collector continued to call Ms. Montes' Cellular Telephone in attempts to collect the alleged Debt.

26.     Further, on or around October 17, 2018, Debt Collector even called Ms. Montes' work telephone, 727-***-6950 ("Ms. Montes Work Telephone"), in attempts to collect the alleged Debt.

27.     Ms. Montes immediately called Debt Collector back and demanded Debt Collector stop calling her Work Telephone.

28.     Despite Ms. Montes' demands, Debt Collector continued to place calls to Ms. Montes' Cellular Telephone in attempts to collect the alleged Debt.

29.     Despite Ms. Montes' demands, Debt Collector also continued to place calls to Ms. Montes' Work Telephone in attempts to collect the alleged Debt.

30.     In or around early April of 2019, Debt Collector called Ms. Montes' Work Telephone again in attempts to collect the alleged Debt.

31.     Ms. Montes spoke to Debt Collector again and demanded for the second time Debt Collector stop the calls to her Work Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **5** of 22

32.     Despite Ms. Montes' several demands, Debt Collector continued to place calls to Ms. Montes' Cellular Telephone and Work Telephone in attempts to collect the Debt.

33.     Debt Collector has called Ms. Montes' Cellular Telephone at least forty (40) times during the time period from October of 2018 to the present date.

34.     Debt Collector called Ms. Montes' Cellular Telephone from several different telephone numbers, including, but not limited to: 877-365-9676, 877-366-0153, and 480-448-3774.

35.     All of Debt Collector's calls to Ms. Montes' Cellular Telephone were placed in an attempt to collect the alleged Debt.

36.     All of Debt Collector's calls to Ms. Montes' Work Telephone were placed in an attempt to collect the alleged Debt.

37.     Debt Collector has harassed Ms. Montes due to the timing and frequency of its calls.

38.     Under information and belief, Debt Collector also began improperly furnishing negative credit reporting information to the credit bureaus regarding the alleged Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act (as against Debt Collector)*

39.     Ms. Montes re-alleges paragraphs 1-38 and incorporates the same herein by reference.

40.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page 6 of 22

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

41.     Ms. Montes revoked consent to have Debt Collector call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around October of 2018 when she expressly told Defendant to stop calling her.

42.     Despite this revocation of consent, Debt Collector thereafter called  Ms. Montes' Cellular Telephone at least forty (40) times.

43.     Debt Collector did not place any emergency calls to Ms. Montes' Cellular Telephone.

44.     Defendant willfully and knowingly placed non-emergency calls to Ms. Montes' Cellular Telephone.

45.     Ms. Montes knew that Debt Collector called Ms. Montes' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Debt Collector on her cellular telephone before a live representative of Debt Collector came on the line.

46.     Ms. Montes knew that Debt Collector called Ms. Montes' Cellular Telephone using a prerecorded voice because Debt Collector left Ms. Montes at least one voicemail using a prerecorded voice.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
Montes v. Midland Credit Management, Inc. and Synchrony Bank
Page 7 of 22

47.     Debt Collector used an ATDS when it placed at least one call to Ms. Montes' Cellular Telephone.

48.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Ms. Montes' Cellular Telephone.

49.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Montes' Cellular Telephone.

50.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Montes' Cellular Telephone.

51.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

52.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

53.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

54.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

55.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a prerecorded voice.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **8** of 22

56.     Debt Collector has recorded at least one conversation with Ms. Montes.

57.     Debt Collector has recorded more than one conversation with Ms. Montes.

58.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Montes, for its financial gain.

59.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Montes' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

60.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Montes, despite individuals like Ms. Montes revoking any consent that Debt Collector believes it may have to place such calls.

61.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Montes' Cellular Telephone.

62.     Debt Collector has corporate policies to abuse and harass consumers like Ms. Montes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **9** of 22

63.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

64.     Debt Collector has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

65.     Debt Collector's phone calls harmed Ms. Montes by causing her embarrassment.

66.     Debt Collector's phone calls harmed Ms. Montes by causing her emotional distress.

67.     Debt Collector's phone calls harmed Ms. Montes by causing her aggravation.

68.     Debt Collector's phone calls harmed Ms. Montes by causing her stress.

69.     Debt Collector's phone calls harmed Ms. Montes by causing her anxiety.

70.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.  Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.  Awarding Plaintiff costs;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **10** of 22

d. Ordering an injunction preventing further wrongful contact by the Debt

Collector; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

71.     Ms. Montes re-alleges paragraphs 1-38 and incorporates the same herein

by reference.

72.     At all times relevant hereto, Debt Owner was vicariously liable for the

actions of Debt Collector.

73.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. §

227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for
> emergency purposes or made with the prior express
> consent of the called party) using any automatic
> telephone dialing system or an artificial prerecorded
> voice – (iii) to any telephone number assigned to a
> paging service, cellular telephone service, . . . or
> any service for which the called party is charged for
> the call.

74.     Ms. Montes revoked consent to have the Debt Collector call her Cellular

Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial

voice or prerecorded message in or around October of 2018 when she expressly told Debt

Collector to stop calling her.

75.     Despite this revocation of consent, Debt Collector thereafter called Ms.

Montes' Cellular Telephone at least forty (40) times.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **11** of 22

76.     Debt Collector did not place any emergency calls to Ms. Montes' Cellular Telephone.

77.     Debt Collector willfully and knowingly placed non-emergency calls to Ms. Montes' Cellular Telephone.

78.     Ms. Montes knew that Debt Collector called Ms. Montes' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Debt Collector on her cellular telephone before a live representative of Debt Collector came on the line.

79.     Ms. Montes knew that Debt Collector called Ms. Montes' Cellular Telephone using a prerecorded voice because Debt Collector left Ms. Montes at least one voicemail using a prerecorded voice.

80.     Debt Collector used an ATDS when it placed at least one call to Ms. Montes' Cellular Telephone.

81.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Ms. Montes' Cellular Telephone.

82.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Ms. Montes' Cellular Telephone.

83.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Ms. Montes' Cellular Telephone.

84.     At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **12** of 22

85.    At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

86.    At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

87.    At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

88.    At least one call that Debt Collector placed to Ms. Montes' Cellular Telephone was made using a prerecorded voice.

89.    Debt Collector has recorded at least one conversation with Ms. Montes.

90.    Debt Collector has recorded more than one conversation with Ms. Montes.

91.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Montes, for its financial gain.

92.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Montes' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **13** of 22

93.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Montes, despite individuals like Ms. Montes revoking any consent that Debt Collector believes it may have to place such calls.

94.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Montes' Cellular Telephone.

95.     Debt Collector has corporate policies to abuse and harass consumers like Ms. Montes.

96.     Debt Collector's phone calls harmed Ms. Montes by causing her embarrassment.

97.     Debt Collector's phone calls harmed Ms. Montes by causing her emotional distress.

98.     Debt Collector's phone calls harmed Ms. Montes by causing her aggravation.

99.     Debt Collector's phone calls harmed Ms. Montes by causing her stress.

100.    Debt Collector's phone calls harmed Ms. Montes by causing her anxiety.

101.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **14** of **22**

    a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Debt Owner, including through agents such as Debt Collector; and

    e.   Any other and further relief as this Court deems just and equitable.

### _Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")_ _(as against Debt Collector)_

102.    Ms. Montes re-alleges paragraphs 1-38 and incorporates the same herein by reference.

103.    Ms. Montes is a "consumer" within the meaning of the FDCPA.

104.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

105.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

106.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated 15 U.S.C. § 1692c(a)(3) by contacting Ms. Montes' employer when Debt Collector had reason to know Ms. Montes' employer prohibits Ms. Montes from receiving the communication and when Ms. Montes had never directly given Debt Collector prior consent to contact her employer.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Montes v. Midland Credit Management, Inc. and Synchrony Bank_
Page **15** of 22

b.  Debt Collector violated 15 U.S.C. § 1692c(b) by communicating with the credit reporting agencies when Debt Collector furnished inaccurate information to the credit reporting agencies regarding the alleged Debt .

c.  Debt Collector violated 15 U.S.C. § 1692c(b) by contacting Ms. Montes' employer, without the Ms. Montes' prior consent.

d.  Debt Collector violated 15 U.S.C. § 1692d by continuing to call Ms. Montes in attempts to collect the alleged Debt after she demanded Debt Collector stop calling her Cellular Telephone and her Work Telephone.

e.  Debt Collector violated 15 U.S.C. § 1692e(2)(A) by attempting to collect on an alleged Debt when Ms. Montes had already satisfied the alleged Debt with Debt Owner.

f.  Debt Collector violated 15 U.S.C. § 1692e(8) by improperly furnishing negative information regarding the Account to the credit reporting agencies.

107.    As a result of the above violations of the FDCPA, Ms. Montes has been subjected to illegal collection activities for which she has been damaged.

108.    Debt Collector's actions harmed Ms. Montes by causing her embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **16** of 22

109.    Debt Collector's actions harmed Ms. Montes by causing her emotional distress.

110.    Debt Collector's actions harmed Ms. Montes by causing her aggravation.

111.    Debt Collector's actions harmed Ms. Montes by causing her stress.

112.    Debt Collector's actions harmed Ms. Montes by causing her anxiety.

113.    It has been necessary for Ms. Montes to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

114.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees; and

    d.  Any other and further relief as this Court deems just and equitable.

### _Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

115.    Ms. Montes re-alleges paragraphs 1-38 and incorporates the same herein by reference.

116.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Montes v. Midland Credit Management, Inc. and Synchrony Bank_
Page **17** of 22

a. Debt Collector violated Fla. Stat. § 559.72(4) by calling Ms. Montes' Work Telephone without Ms. Montes' prior written consent and without obtaining a final judgment against Ms. Montes.

b. Debt Collector violated Fla. Stat. § 559.72(5) by improperly furnishing negative information regarding the Account to the credit reporting agencies.

c. Debt Collector violated Fla. Stat. § 559.72(7) by continuing to call Ms. Montes' Cellular Telephone and Work Telephone despite her several demands that Debt Collector stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Montes.

d. Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on the alleged Debt when Debt Collector knew such Debt had already been satisfied with Debt Owner and that such legal right to collect thereby did not exist.

117. As a result of the above violations of the FCCPA, Ms. Montes has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

118. Debt Collector's actions harmed Ms. Montes by causing her embarrassment.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **18** of 22

119.    Debt Collector's actions harmed Ms. Montes by causing her emotional distress.

120.    Debt Collector's actions harmed Ms. Montes by causing her aggravation.

121.    Debt Collector's actions harmed Ms. Montes by causing her stress.

122.    Debt Collector's actions harmed Ms. Montes by causing her anxiety.

123.    It has been necessary for Ms. Montes to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

124.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems just and equitable.

### _Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)_

125.    Plaintiff re-alleges paragraphs 1-38 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Montes v. Midland Credit Management, Inc. and Synchrony Bank_
Page **19** of 22

126. Debt Owner violated the FCCPA.  Debt Owner's violations include, but are not limited to, the following:

    a.   Debt Owner violated Fla. Stat. § 559.72(9) by assigning the alleged Debt to Debt Collector when Debt Owner knew such Debt had already been paid and such legal right did not exist.

127. At all times relevant hereto, Debt Owner was also vicariously liable for the actions of Debt Collector.

128. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    b.   Debt Collector violated Fla. Stat. § 559.72(4) by calling Ms. Montes' Work Telephone without Ms. Montes' prior written consent and without obtaining a final judgment against Ms. Montes.

    c.   Debt Collector violated Fla. Stat. § 559.72(5) by improperly furnishing negative information regarding the Account to the credit reporting agencies.

    d.   Debt Collector violated Fla. Stat. § 559.72(7) by continuing to call Ms. Montes' Cellular Telephone and Work Telephone despite her several demands that Debt Collector stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Montes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **20** of 22

e.  Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on the alleged Debt when Debt Collector knew such Debt had already been satisfied with Debt Owner and that such legal right to collect thereby did not exist.

f.  Debt Collector violated Fla. Stat. § 559.72(9) by attempting to collect on the alleged Debt when Debt Collector knew such Debt had already been paid and such legal right did not exist.

129.   As a result of the above violations of the FCCPA, Ms. Montes has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

130.   Defendants' actions harmed Ms. Montes by causing her embarrassment.

131.   Defendants' actions harmed Ms. Montes by causing her emotional distress.

132.   Defendants' actions harmed Ms. Montes by causing her aggravation.

133.   Defendants' actions harmed Ms. Montes by causing her stress.

134.   Defendants' actions harmed Ms. Montes by causing her anxiety.

135.   It has been necessary for Ms. Montes to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

136.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **21** of 22

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the
    Defendant; and

g.  Any other and further relief as this Court deems just and equitable.

### **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff, Eldie Montes, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 30, 2019**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Montes v. Midland Credit Management, Inc. and Synchrony Bank*
Page **22** of 22